UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUES JOHNSON,

    Plaintiff,

v.

CAPITAL ONE FINANCIAL
CORPORATION,

    Defendant.
_____/

Case No. 2:25-cv-10737
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**<u>OPINION AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AS OF RIGHT (ECF No. 24), DEEMING PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 25) THE OPERATIVE PLEADING AND SETTING DEADLINE FOR ANSWERING OR OTHERWISE RESPONDING TO THE NEWLY DESIGNATED OPERATIVE PLEADING</u>**

**A.    Original Pleading**

Marques Johnson initiated this matter on March 17, 2025 against Defendant Capital One Financial Corporation. Johnson, who is proceeding *in forma pauperis* (*see* ECF Nos. 2, 8), alleges, *inter alia*, that he "lawfully tendered payment on the account" – using instruments compliant with 12 U.S.C. § 411 of the Federal Reserve Act (FRA) and Unform Commercial Code (UCC) § 3-603 – but Defendant "refus[ed] to accept lawful tender . . . [,]" "failed to apply the payments . . . [,]" and, instead, "improperly closed Plaintiff's account." (ECF No. 1, ¶¶ 10, 12.) Plaintiff's causes of action are based on the Truth in Lending Act (TILA) (15

U.S.C. §§ 1601-1667f) (Count II & Count V), breach of contract (Count I), presumably *Michigan's* Uniform Commercial Code (Count III), and unjust enrichment (Count IV). (ECF No. 1, ¶¶ 15-29.)

**B.  Pending Matters**

  1.  **Defendant's motion to dismiss**

On April 18, 2025, Capital One appeared via counsel. (ECF Nos. 13, 14, 15.) At the same time, Defendant sought an extension of time to file an answer (ECF No. 16), which the Court granted, setting the due date for May 16, 2025 (ECF No. 17). On May 15, 2025, Defendant sought another extension (ECF No. 20), and, on May 16, 2026, the Court extended the deadline to May 23, 2025.[1]

Defendant Capital One's timely filed motion to dismiss is based on Fed. R. Civ. P. 12(b)(6) and argues that the claims within Plaintiff's complaint are "founded on a frivolous legal theory[,]" and "fail as a matter of law for numerous other reasons." (ECF No. 22, PageID.92-98.)

  2.  **Plaintiff's Motion for Leave to Amend**

The Court entered an order setting the deadline for Plaintiff's response for June 30, 2025. (ECF No. 23.) On June 16, 2025, instead of filing a response,

---

[1] The Court entered its extension order at 8:44 a.m. on May 16, 2025. Plaintiff's May 15, 2025 opposition was not docketed until 3:05 p.m. on May 16, 2025 (*see* ECF No. 21); nonetheless, the Court will not alter the permitted second extension.

Plaintiff filed a "motion for leave to file [a] first amended complaint as of right[,]" citing Fed. R. Civ. P. 15(a)(1)(B).  (ECF No. 24.)

**C.    Discussion**

Judge Leitman has referred this case to me for pretrial matters.  (ECF No. 18.)  Plaintiff's motion to amend his complaint is based on Fed. R. Civ. P. 15(a) ("Amendments Before Trial."), specifically the subsection providing that "if the pleading is one to which a responsive pleading is required," a party may amend his pleading "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).

So long as Plaintiff complies with Rule 15(a)(1)(B), he does not need Defendant's or the Court's permission to file an amended complaint "as a matter of course . . . ."  *See, e.g., Bricklayers Pension Tr. Fund - Metro. Area v. Integrity Demolition & Constr., Inc.*, No. 17-13407, 2018 WL 3983809, at *2 (E.D. Mich. Aug. 1, 2018) (Hood, J.) ("The Amended Counterclaim was filed within 21 days after service of Plaintiff's Motion to Dismiss Counterclaim pursuant to Rule 12(b)(1).  The Court finds that Defendants had a right to file the Amended Counterclaim, without obtaining consent of Plaintiff or leave of the Court.").

Considering that Defendant filed its motion to dismiss on Friday, May 23, 2025, Plaintiff's 21-day period within which to file an amended complaint "as a

matter of course" would have expired on or about Friday, June 13, 2025, not including any time warranted by Fed. R. Civ. P. 6(d) ("Additional Time After Certain Kinds of Service."). Although Plaintiff did not file his motion successfully until Monday, June 16, 2025, he alleges this was due to a "court system malfunction . . . ." (ECF No. 24, PageID.103.) Specifically, he attaches "proof of error uploading amended complaint," *i.e.*, a picture of his computer screen – stamped Saturday, June 14, 2025 at 12:05 a.m. – indicating he encountered an error when attempting to upload his first amended complaint to the Court's CM/ECF system. (ECF No. 24-1, PageID.105.) Due to the alleged technical difficulties with CM/ECF, for which Plaintiff has provided support, the Court forgives the one-business-day delay.

Because Plaintiff did not need the Court's permission to file a first amended complaint in accordance with Rule 15(a)(1)(B), and because the Court forgives the slight delay in Plaintiff's submission, his motion for leave (ECF No. 24) will be denied as moot. In the period since Plaintiff filed his motion, the Clerk of the Court has also docketed what appears to have been Plaintiff's "proposed First Amended Complaint . . . [,]" (ECF No. 24, PageID.103 ¶ 4). (*See* ECF No. 25.) Consistent with the Court's conclusion that Plaintiff did not need permission to file a first amended complaint in compliance with Rule 15(a)(1)(B), the Court will treat

4

Plaintiff's June 16, 2025 first amended complaint (ECF No. 25) as the now-operative pleading.

**D.    Order**

Accordingly, Plaintiff's motion for leave to file a first amended complaint "as of right" (ECF No. 24) is **DENIED AS MOOT**, and Plaintiff's first amended complaint (ECF No. 25) is **DEEMED** the operative pleading. Defendant shall have until **July 23, 2025** by which to answer or otherwise respond to the newly designated operative pleading (ECF No. 25) under Fed. R. Civ. P. 12.

**IT IS SO ORDERED.**[2]

Dated:  June 20, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).