UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUES JOHNSON,

    Plaintiff,

v.

CAPITAL ONE FINANCIAL
CORPORATION,

    Defendant.
_____/

Case No. 2:25-cv-10737
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER STRIKING PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 31), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO EXPEDITE RULING ON DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (ECF No. 32), and STRIKING PLAINTIFF'S DECLARATION (ECF No. 33)**

This is a consumer credit lawsuit, and the currently operative pleading is Plaintiff's June 16, 2025 amended complaint. Defendant's July 23, 2025 motion to dismiss (ECF No. 27), as to which briefing closed with Defendant's August 11, 2025 reply (ECF No. 30) and as to which the Undersigned entered a report and recommendation on November 12, 2025 (ECF No. 34), is currently before Judge Leitman.

This order concerns three items Plaintiff filed on August 14, 2025, *after* briefing on the pending dispositive motion had closed. First, Plaintiff filed a notice of supplemental authority in opposition to Defendant's motion to dismiss. (ECF

No. 31.)  As discussed in my report and recommendation, the four cases it cites – none binding precedent – each pre-date Plaintiff's July 28, 2025 response (ECF No. 29); indeed, the most recent of the four cases – *i.e.*, *Orleans Int'l, Inc. v. Alterna Cap. Sols.*, No. 2:21-CV-11335, 2024 WL 5480365 (E.D. Mich. Nov. 26, 2024) (Murphy, J.) – pre-dates the March 17, 2025 initiation of this lawsuit.  Thus, if Plaintiff wished for the Court to consider this case law, it should have been included in his response.  Accordingly, Plaintiff's notice of supplemental authority (ECF No. 31) is **STRICKEN**.

Second, Plaintiff filed a motion to expedite ruling on Defendant's motion to dismiss the first amended complaint (ECF No. 32), wherein he "respectfully requests that the Court exercise its inherent authority to expedite disposition of Defendant's Motion to Dismiss [(ECF No. 27)] and issue a ruling at the earliest practicable date[,]" (*id.*, PageID.209).  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (There is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  While Plaintiff mentions "the need to prevent continuing, compounding harm . . . [,]" (*id.*, PageID.208), and while Plaintiff offers multiple reasons why there is good cause (*id.*, PageID.209 ¶¶ 1-6), the Undersigned's concurrently entered report and recommendation (*see* ECF No. 34) is the most he can do at this point.  Accordingly, Plaintiff's motion to expedite ruling on

2

Defendant's motion to dismiss the first amended complaint (ECF No. 32) is **DENIED WITHOUT PREJUDICE**.

Third, Plaintiff filed a declaration (ECF No. 33), which references, *inter alia*, his January 14, 2025 "written tender of payment," *i.e.*, his "credit claim" attached to his pleading (*see* ECF No. 24, PageID.145), and U.C.C. § 9-102(a)(2)'s definition of "account." However, parties are not entitled to simply file items on the docket that they perceive as being helpful to their case just to add them to the record. The Federal Rules of Civil Procedure and this Court's Local Rules govern what may be filed with the Court and when. Such filings consist primarily of pleadings (*see* Fed. R. Civ. P. 7) and motions, with *supporting exhibits, declarations and affidavits appended to the same*, when necessary (*see, e.g.*, Fed. Rules Civ. P. 5, 7; E.D. Mich. LR 5.1). Setting aside the fact that Plaintiff's August 14, 2025 declaration is merely signed "/s/ Marques Johnson," (ECF No. 33, PageID.214), it is not clearly designated as supporting a particular filing, such as his motion response (ECF No. 29) or either of his other August 14, 2025 filings (ECF Nos. 31, 32). Moreover, if the declaration was intended as a response to Defendant's August 11, 2025 reply (ECF No. 30), the declaration would be a sur-reply for which Plaintiff did not seek the Court's permission. *See* E.D. Mich. LR 7.1(d)(1) ("Briefs Required and Permitted."). Accordingly, the declaration (ECF No. 33) is **STRICKEN**.

**IT IS SO ORDERED.**[1]

Dated: November 10, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).